NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Crim. No. 83-00017 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CLARENCE TONEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion for Reduction of Sentence Under First Step Act (Doc. 45). For the reasons stated herein, the motion is **DENIED**.

## I.     BACKGROUND

Defendant is Clarence Toney, an individual currently incarcerated at Hazelton FCC. In 1983, a jury found Toney guilty on two counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) after Toney robbed a New Jersey bank while armed with a handgun. (Doc. 48, "Opp." at 1.) The Honorable Stanley S. Brotman sentenced Toney to twenty-five years in prison. (*Id.*) The sentence was imposed consecutively to several state sentences for robberies in Pennsylvania. (*Id.*) Defendant is now 66 years old and is not scheduled for release from custody until 2036. (*Id.*)

Defendant filed the present motion seeking compassionate release due to the "impact of COVID-19," his age, and his health conditions. (Mot. at 2.) According to Defendant's health records, he is diagnosed with hypertension and hypothyroidism. (Opp. at 2.) Additionally, in 2003,

he was treated for an active case of hepatitis C and has not had a flare up since then. (*Id.*) Defendant tested positive for COVID-19 on December 21, 2020, but as of January 15, 2021, Defendant's COVID-19 diagnosis has been "resolved." (*Id.*)

## II.   LEGAL STANDARD

### A.  Motion for Reduction of Sentence Under First Step Act

Under the recently enacted First Step Act, a court may afford a defendant "compassionate release for 'extraordinary and compelling reasons.'" *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). Before bringing a motion for reduced sentence on their own behalf, defendants first must "ask the Bureau of Prisons (BOP) to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (citing § 3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Sellers,* 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(C)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 458 F. Supp. 296, 299 (E.D. Pa. 2020).

## III.    DISCUSSION

### A.  Motion for Reduction of Sentence Under First Step Act

The parties agree that Toney has satisfied the exhaustion requirement and is thus permitted to bring a motion for reduced sentence in this Court. Thus, the Court focuses on the second step of the analysis: (1) whether Toney has demonstrated that extraordinary and compelling reasons exist that warrant release and (2) whether the Section 3553(a) factors weigh in Toney's favor.

### 1.  Whether Extraordinary and Compelling Reasons Exist

Toney asserts that the COVID-19 pandemic along with his age and health constitute extraordinary and compelling circumstances warranting a reduction in his sentence. (Mot. at 2.) Toney states that "the current events of COVID outbreaks" support his "release to home confinement." (Mot. at 2.) While the Court does not seek to undermine the seriousness of this pandemic, the Court finds Toney's general arguments about COVID-19 unpersuasive. As the Third Circuit has noted, the "mere existence of COVID-19 in society and the possibility that it may spread" in a particular prison "alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 595. Moreover, the Court also considers the data collected regarding COVID-19 at Hazelton FCC, where Toney is currently incarcerated. The facility holds a total of 1,824 inmates.[1] However, there are currently only four active inmate cases at the facility.[2] One inmate has died since the outbreak of the pandemic, while 141 inmates have received medical care from the BOP and recovered from COVID-19, including Toney himself.[3] Thus, standing alone, the relatively low existence of COVID-19 at Hazelton FCC is insufficient to show "extraordinary and compelling

---

[1] *FCI Hazelton*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/mem/ (last visited Mar. 30, 2021).
[2] *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 30, 2021).
[3] *Id.*; *see also* Opp. at 2.

reasons" for release. *See United States v. Stevens*, Crim. No. 454 F. Supp. 3d 472, 479 (E.D. Pa. 2020) ("Although the Court is aware of the dangers posed by COVID-19 and is sympathetic to [Defendant's] concern about COVID-19 given his diabetes, speculation about possible future conditions at the FDC does not constitute an exceptional reason for release.") (collecting cases); *United States v. Haney*, Crim. No. 19-541, 2020 WL 1821988 at *5 (S.D.N.Y. Apr. 13, 2020) (denying a 61-year-old defendant's request for early release, stating that although the prison has several confirmed cases of COVID-19, "there is no meaningful counter-evidence suggesting that the COVID-19 virus is rapidly spreading in the [prison]"); *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862 at *2 (D.N.J. Apr. 24, 2020) (finding "the measures instituted by the BOP to be reasonable to address the virus outbreak" at a federal prison in New York even though several inmates had tested positive).

Moreover, the mere presence of COVID-19 at a prison, does not entitle every offender with a medical condition to compassionate release. *See, e.g.*, *United States v. Roeder*, 807 Fed. App'x 157, 161 n.16 (3d Cir. 2020). Rather, Toney must establish that the risks to him, in light of his individual medical conditions and circumstances, are so extraordinary and compelling that the Court should release him with over fifteen years left on his sentence. Toney contends that he suffers from high blood pressure and hypothyroidism, as well as Hepatitis C. (Mot. at 2.) The Court looks to guidance from the CDC to determine whether Toney's individual medical conditions and circumstances are extraordinary and compelling. According to this guidance, certain categories of individuals face a higher risk from COVID-19.[4] These include "older adults"—defined as "65 years and older"—and "people of any age who have serious underlying

---

[4] *People at Increased Risk for Severe Illness*, Center for Disease Control, (Mar. 15, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fpeople-at-increased-risk.html.

medical conditions." *Id.* The serious medical conditions referenced include cancer, chronic kidney disease, chronic lung disease, dementia, diabetes, Down Syndrome, heart conditions, HIV, weakened immune system, liver disease, pregnancy, obesity, sickle cell disease, smoking, solid organ or blood stem cell transplant, stroke, and substance use disorders.[5]

The Court recognizes that Toney is categorized as an "older adult" and that his medical records indicate that he does have high blood pressure. However, the mere fact that Toney is at a higher risk of contracting COVID-19 does not alone warrant compassionate release, in part because Toney's medical records indicate that he has already contracted and recovered from COVID-19. Additionally, the Bureau of Prisons has already administered over 101,674 doses of the COVID-19 vaccine.[6] At Hazelton FCC alone, the Bureau of Prisons has completed 382 full inmate inoculations and 322 full staff inoculations. Accordingly, nearly twenty percent of the inmates at Hazelton FCC have already been fully vaccinated. Although it is unclear where Toney would go upon his release if the Court granted his motion, the percentage of full inoculation at Hazelton FCC is higher than the percentage of fully inoculated individuals nationwide.[7] Accordingly, Toney is no more vulnerable to COVID-19 inside Hazelton FCC than he is if released. Based on these statistics and each of the aforementioned reasons, the Court cannot find that extraordinary and compelling reason exist to support compassionate release.

---

[5] *People with Certain Medical Conditions*, Center for Disease Control, (Mar. 29, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html
[6] *Covid-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/index.jsp (last accessed Mar. 31, 2021).
[7] *Covid-19 Vaccinations in the United States*, https://covid.cdc.gov/covid-data-tracker/#vaccinations, (last accessed Mar. 31, 2021).

### 2. Section 3553(a) Factors

Moreover, an analysis of the Section 3553(a) factors further supports the denial of Toney's

request for sentence reduction. In considering whether to reduce a defendant's sentence, a court

must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics
> of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law,
> > and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training,
> > medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553.

Toney offers no argument as to how the factors weigh in his favor. By contrast, the

Government argues that Toney's "egregious history of violent crime" militates against release

based on the Section 3553(a) factors. The Court agrees. Prior to his sentencing for this matter,

Toney had been convicted of five additional felonies, including four additional robberies. (Opp. at

10.) Toney was armed with a handgun during three of those robberies, even exchanging gunfire

with police officers as he fled the scene during the course of one of those robberies. (Opp. at 10.)

As such, the nature and circumstances of Toney's prior offenses weigh against granting

compassionate release. Moreover, the Court is mindful of the requirement that the sentence

imposed protect the public from future violence and afford adequate deterrence. *See United States*

*v. Butler*, Crim. No. 19-834-10, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (denying a

motion for early release of a MDC inmate with asthma and a serious heart condition, after finding

that, "[w]hile the prospect of contracting COVID-19 undeniably presents a serious risk to [the

defendant's] health, his [early] release . . . at least equally exposes the community to a serious risk

that he would resume violence."). Toney has committed a series of serious offenses for which the current sentence is necessary. Accordingly, the Court finds that the Section 3553(a) factors weigh against compassionate release.

In sum, because there are no extraordinary and compelling reasons warranting Toney's release and the Section 3553(a) factors weigh against release, the Motion for Reduction of Sentence is **DENIED.**

## IV.    CONCLUSION

For the reasons contained herein, Defendant's Motion for Reduction of Sentence Under First Step Act is **DENIED**. An accompanying Order shall issue.


Dated: 4/12/2021                                                           /s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge